# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>**CARUSO MUSIC COMPANY,**<br><br>                    **Debtor** | **Chapter**<br>**Case No. 05-15441-RS** |

**MEMORANDUM OF DECISION ON
(a) OBJECTION BY JEFFREY B. KARLL TO
EQUITY INTERESTS OF LOUISE MAROTTA AND DR. ALFRED ARCIDI
AND
(b) MOTION OF DR. ALFRED ARCIDI AND LOUISE MAROTTA
TO STRIKE OBJECTION BY JEFFREY B. KARLL TO
EQUITY INTERESTS OF LOUISE MAROTTA AND DR. ALFRED ARCIDI**

The confirmed plan in this case establishes a fund to be administered and distributed by a plan trustee. Under the plan, the funds remaining after payment in full of all allowed claims against the estate will be distributed on a pro rata basis among the debtor's prepetition equity interest holders. The total prepetition equity is comprised of 168 shares, of which Louise Marotta and Dr. Alfred Arcidi are, according to the list of equity security holders filed by the Debtor,[1] the owners of 41 shares each. On the deadline for filing objections to claims of interest,[2] Jeffrey B. Karll, acting *pro se*, filed a document entitled "Objection by Jeffrey B. Karll to Equity Interests of Louise Marotta and Dr. Alfred Arcidi" ("the Objection"). In its entirety the Objection reads:

> Jeffrey B. Karll as stockholder and claimant requests that the Plan Trustee or an independent examiner be hired to review the 1999 Stock Purchase Agreement between Louise Marotta and Alfred Arcidi and the Caruso Music Company, to determine whether the agreement should be set aside or rescinded due to lack of consideration, breach of contract, and gross arithmetical errors in the closing documents in regards to the consideration and calculations of the alleged classes of stock purchased and distributed.

Marotta and Arcidi have filed a motion to strike Karll's "objection" to their interests on the ground that it asserts neither an objection nor a factual or legal basis for objection. In addition, Marotta and Arcidi have filed a response that addresses the Objection on its merits. In a separate response to the Objection, the

---

[1] FED. R. BANKR. P. 1007(a)(3) requires a debtor in a chapter 11 case to file a list of its equity security holders. The debtor filed its list of equity security holders on August 25, 2005.

[2] By order of December 5, 2006, the Court required that objections by parties other than the plan trustee to proofs of interests be filed on or before December 29, 2006. (A separate deadline, applicable only to the plan trustee, had already passed.) The same order also specified that objections filed after that date "shall be barred as untimely."

Plan Trustee, indicating that he had conducted the investigation requested by Karll, set forth his findings. At a hearing on the Objection, Karll stated that Arcidi and Marotta were supposed to pay $850,000 for their stock but actually paid $50,000 less. Karll added: "and that's why I want you to rescind that stock purchase agreement of April 1999."

The Court agrees with Arcidi and Marotta that the Objection is in substance not an objection at all. It voices no objection. Nor does it set forth facts that might constitute a basis of objection. In it, Karll merely calls for an investigation into whether cause exists to rescind the stock purchase agreement of 1999.[3]

FED. R. BANKR. P. 3003(b)(2) states that "the list of equity security holders filed pursuant to Rule 1007(a)(3) shall constitute prima facie evidence of the validity and amount of the equity security interests and it shall not be necessary for the holders of such interests to file a proof of interest." Under 11 U.S.C. § 502(a), "a claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." Insofar as Rule 3003(b)(2) endows a listed equity interest with prima facie validity without need of filing a proof of interest, the Court concludes that § 502(a) applies to listed equity interests even when no proof of such interest is filed. That is, under § 502(a), a listed interest is deemed allowed unless a party in interest objects. This requires a statement that the party in interest does in fact object. Also, because the interest enjoys presumptive validity, the initial burden of proof in on the party objecting, who must therefore, in addition to stating "I object," state facts constituting a basis on which the interest might be disallowed. An objection that does not state a legally sufficient basis for denial of an interest having presumptive validity is like a complaint that fails to state a claim on which relief can be granted. It may be overruled on its face and presents no need for an evidentiary hearing.

I construe Marotta and Arcidi's Motion to Strike as just such a challenge to the objection. In substance, the Motion to Strike is the functional equivalent of a motion to dismiss the objection for failure to state a basis on which relief might be granted.

The Motion to Strike must be allowed, and Karll's Objection overruled, because the Objection lacks both requirements of a proper objection. First, though it is labeled an objection, it does not in any

---

[3] The parties appear to agree that Arcidi and Marotta acquired their interests in the debtor under a certain Stock Purchase Agreement of 1999.

2

manner state that Karll objects to the interests at issue. In substance it merely asks the Court to appoint a third party to conduct an investigation. This falls short of the actual "objection" required by § 502(a). Second, the Objection sets forth no basis on which the interests of Marotta and Arcidi might be disallowed. I do not mean that an articulated basis is not legally sufficient; rather, I mean that the Objection articulates no basis at all. For both reasons, the Objection, as an objection, is overruled.

At the hearing on the Objection and the Motion to Strike, Karll did finally indicate that he objects, and he articulated a factual basis for the objection (that Arcidi and Marotta had paid less than the bargained-for consideration).[4] The hearing, however, was held long after the time for objecting to interests had lapsed. Neither does it relate back to the date of the filed Objection. Relation-back occurs only when an amendment is in substance the same objection as was earlier filed. Here, the original filing contained no objection at all. For that reason, the objection voiced at the hearing must be overruled as untimely.

Though the Objection fails as an objection, it does demand other relief: specifically, "that the Plan Trustee or an independent examiner be hired to review the 1999 Stock Purchase Agreement between Louise Marotta and Alfred Arcidi and the Caruso Music Company, to determine whether the agreement should be set aside or rescinded." The request for appointment of an examiner must be denied because, under § 1104(c) of the Bankruptcy Code, a court may appoint an examiner only before a plan is confirmed. 11 U.S.C. § 1104(c). And the Court declines to order the Plan Trustee to conduct such an investigation for two reasons. First, the Trustee has already investigated the issue and found no cause to disallow the listed interest; indeed, he found that the matter had already been actually litigated and finally resolved in favor Marotta and Arcidi, complete with a finding that the buyers paid the full purchase price. Second, the deadline for objecting to interests is passed, so the proposed inquiry could not result in a timely objection to claim, and its subject matter is now moot. For these reasons, the demands for relief contained in the Objection will denied. A separate order will enter.

Date: June 25, 2007

_____
Robert Somma
United States Bankruptcy Judge

---

[4] I make no ruling here as to the legal sufficiency of the factual basis, which was sketchy at best.

cc:  Joseph Butler, Esq., Trustee of Caruso Music Plan Trust
    Jeffrey Karll, pro se
    Paul Moore, Esq., for Dr. Alfred L. Arcidi and Louise Marotta