# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>**CARUSO MUSIC COMPANY,**<br><br>Debtor | **Chapter**<br>**Case No. 05-15441-RS** |

**MEMORANDUM OF DECISION ON**
**(a) OBJECTION OF JEFFREY B. KARLL TO CLAIM NOS. 5, 6, 7, AND 8 BY**
**CLAIMANTS GREENLEAF VI, INC., ALFRED L. ARCIDI, AND ARLINGTON FUNDING SERVICES**
**AND ON**
**(b) OBJECTION OF JEFFREY B. KARLL TO SCHEDULE F CLAIMS BY CREDITORS HOLDING**
**UNSECURED NON-PRIORITY CLAIMS ABNER P. COMEAU, LYNCH BREWER HOFFMAN FINK,**
<u>**RECORD ELECTRIC CO., INC., AND SHAPIRO WEISS & CO.**</u>

Before the Court are two objections to claims filed by Jeffrey B. Karll, an alleged creditor and alleged prepetition shareholder in the debtor.[1] The first is an objection to four filed proofs of claim: Claim #5, a filed by Greenleaf VI, Inc. for a secured claim in the amount of $3,158,088.04 plus postpetition interest; Claim #6, filed by Alfred L. Arcidi for a nonpriority unsecured claim in the amount of $21,896.44; Claim #7, filed jointly by Alfred L. Arcidi and Arlington Funding Services, Inc. for a nonpriority unsecured claim in the amount of $286,247.11; and Claim #8, also filed jointly by Alfred L. Arcidi and Arlington Funding Services, Inc. for a nonpriority unsecured claim in the amount of $30,000.00. The second is an objection to four obligations that the Debtor listed on its schedule on unsecured nonpriority claims: a debt to Abner P. Comeau in the amount of $1,000; a debt to Lynch Brewer Hoffman & Fink in the amount of $56,597.26; a debt to Record Electric Co., Inc. in the amount of $28,167.01; and a debt to Shapiro Weiss & Co. In the amount of $45,221.00. Joseph Butler, as Trustee of the Caruso Music Plan Trust, filed responses to both objections. The holders of the four filed claims also responded. After a hearing on the objections, and without need of an evidentiary hearing thereon,[2] the Court now makes the following findings of fact and rulings of law on the objections.

---

[1] For purposes of this memorandum, the Court assumes that Karll has standing to object. Under the confirmed plan in this case, unsecured creditors will be paid in full, and equity interest holders will share the remainder of an established fund. Creditors lack standing to object to each other's claims because no creditor will be affected by the allowance or disallowance of another's claim. Karll's asserted equity interests are subject to pending objections. If his equity interests were entirely disallowed, Karll would lack standing to object to claims.

[2] No evidentiary hearing is necessary because the facts concerning timeliness are all matters of record, and the facts concerning mootness are either matters of record or undisputed.

Both objections are untimely, having been filed on December 29, 2006. The confirmed Amended Plan of Reorganization established that the deadline for objecting to claims was the thirtieth day after the effective date of the plan. See Amended Plan of Reorganization, filed July 20, 2006, at ¶¶ 11.2 and 1.1 (definition of Claims Objection Deadline). The Effective Date was August 7, 2006. See Notice *of Confirmation of and Effective Date of Plan Of Reorganization of Caruso Music Company*, filed August 9, 2006. The objections having been filed more than 30 days after the effective date, they must be overruled as untimely.

Karll's objections to the four filed claims and to two of the scheduled claims—those of Record Electric and Lynch Brewer Hoffman & Fink—are moot because, when the bar date for objecting to those claims passed without objection (or, with respect to the Greenleaf claim, when the only timely-filed objection was withdrawn), the Trustee of the Caruso Music Plan Trust paid the claims in full. Karll's objections to the other two scheduled claims—those of Abner P. Comeau and Shapiro Weiss and Co.—are moot for another reason. Each was scheduled by the Debtor as disputed. Therefore, in order to obtain payment on its claim, it was incumbent on each claimant to file a proof of claim. Neither filed a proof claim, and the time for doing so has passed. Consequently, neither has been or will be paid, regardless of Karll's objection.

For the above reasons, the objections that are the subject of this memorandum are overruled as both untimely and moot. A separate order will enter accordingly.

Date:  June 25, 2007

_____
Robert Somma
United States Bankruptcy Judge

cc:  Joseph Butler, Esq., Trustee of Caruso Music Plan Trust
     Jeffrey Karll, pro se
     Paul Moore, Esq., for Greenleaf VI, Inc., Alfred L. Arcidi, and Arlington Funding Services, Inc.

2