# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>**CARUSO MUSIC COMPANY,**<br><br>                              **Debtor** | **Chapter**<br>**Case No. 05-15441-RS** |

**MEMORANDUM OF DECISION ON**
**(a) OBJECTION OF JOSEPH BUTLER, AS TRUSTEE OF CARUSO MUSIC PLAN TRUST,**
**TO CLAIM NO. 10 OF JEFFREY KARLL;**
**(b) OBJECTION OF THE ESTATE OF FRANK J. CARUSO JR.**
**TO PROOF OF CLAIM BY JEFFREY B. KARLL;**
**(c) MOTION OF THE ESTATE OF FRANK J. CARUSO JR.**
**FOR CLARIFICATION OF COURT ORDER (DOC. # 290) AND**
**REQUEST FOR REJECTION OF JEFFREY B. KARLL'S CLAIM NO. 10**
**TO AN INTEREST IN ONE SHARE OF STOCK;**
**(d) OBJECTION OF JOSEPH CARUSO, JOHN CARUSO AND TIMOTHY DEMAKIS, TRUSTEE**
**TO KARLL'S PURPORTED AMENDMENT TO CLAIM NO. 10;**
**(e) OBJECTION OF JOSEPH BUTLER, PLAN TRUSTEE,**
**TO AMENDED CLAIM NO. 10 OF JEFFREY B. KARLL;**
**(f) OBJECTION OF JOSEPH CARUSO, JOHN CARUSO, AND TIMOTHY DEMAKIS, TRUSTEE OF**
**THE JOSEPH A. CARUSO, SR. TRUST AND AS TRUSTEE OF THE JOSEPH CARUSO, SR.**
**MARITAL TRUST TO KARLL'S AMENDED CLAIM #10; AND**
**<u>(g) JEFFREY B. KARLL'S ELECTION TO REINSTATE THE AMENDED CLAIM NO. 10</u>**

The confirmed plan in this case establishes a fund to be administered and distributed by a plan trustee. Under the plan, the funds remaining after payment in full of all allowed claims against the estate will be distributed on a pro rata basis among the debtor's prepetition equity interest holders. The total prepetition equity is comprised of 168.8529 shares. Jeffrey B. Karll ("Karll") has filed three proofs of interest in the case, the first being Claim No. 10, for a single share, and the second and third being amendments thereto, both for many more shares. Each proof of interest is the subject of one or more of the objections listed in the above caption. For the reasons set forth above, the Court will disallow the second and third claims as untimely and schedule an evidentiary hearing as to the original Claim No.10 itself.

**<u>PROCEDURAL HISTORY</u>**

On request of the Debtor and by order of September 2, 2005, the Court established October 21, 2005, as the bar date for filing proofs of claim or interest in this case. On October 21, 2005, Jeffrey B. Karll, acting pro se, filed a proof of claim (which appears on the claims register as Claim No. 10) for a claim, in an amount stated as unknown, whose stated basis is one share of stock. ("Claim No. 10") On

the form, Karll indicates that the claim is secured and that the collateral for the claim is "One Share of Frank Caruso Voting Stock." In the space to indicate the date the debt was incurred, Karll states July 31, 2001. Although Claim No. 10 is, in form, a proof of claim, not a proof of interest, it is clear to all concerned that Karll was thereby asserting an equity interest, not a claim against the debtor, secured or otherwise. That is, Claim No. 10 is a proof of interest, asserting an interest consisting of a single share of stock. Moreover, the share on which this interest is based is a share that Karll purports to have purchased on July 31, 2001, from shareholder Frank J. Caruso, Jr. According to the list of equity security holders filed by the Debtor,[1] Frank J. Caruso, Jr. owns 36.115 shares in the Debtor and Karll owns none. By Claim No. 10, Karll contends that one of the 36.115 shares listed by the Debtor as belonging to Frank J. Caruso, Jr. in fact belongs to Karll.

Two objections have been filed to Claim No. 10. On September 6, 2006, the Plan Trustee, Joseph Butler, filed a limited objection, objecting to Claim No. 10 only to the extent that, by this claim, Karll seeks a determination that the shares of issued and outstanding stock in the debtor exceed the 168.8529 appearing in the records of the Debtor. However, to the extent that Karll is seeking a determination that one of the 36.115 shares held by Frank Caruso, Jr. was or should have been transferred to him by Frank Caruso, Jr. on or about July 31, 2006, the Plan Trustee indicated that he takes no position. Also on September 6, 2006, the probate Estate of Frank J. Caruso, Jr. (the "Caruso Estate"), as successor in interest to Frank J. Caruso, Jr., objected to Claim No. 10, denying that Frank J. Caruso, Jr. had agreed with Karll to transfer one share to him.

On October 27, 2006, Karll filed a response to the objections to his claims (the "Response"). In it he states first, in what is evidently a reiteration and clarification of Claim No. 10, that he seeks a determination "that one share of the 36.115 shares held by Frank Caruso, Jr. was or should have been transferred to him by Frank Caruso, Jr. on or about July 31, 2006." Karll then states:

> In addition, Jeffrey B. Karll requests that based on the documents in Exhibit G his Claim No. 10 be amended as follows:
> "One Share plus the value of 84.115 shares when it is distributed from the "Plan Trust" or when it is distributed for the benefit of John and Joe Caruso beneficiaries of the Caruso Trusts that hold 25 shares each."

---

[1] FED. R. BANKR. P. 1007(a)(3) requires a debtor in a chapter 11 case to file a list of its equity security holders. The debtor filed its list of equity security holders on August 25, 2005.

Attached to the Response as Exhibit G is a copy of Claim No. 10 with certain hand-written amendments, including, at the top, a caption stating "Amended Claim No (10) 10/27/06" and, at the bottom, "*Amended Claim (10) 1 Share plus proceeds of 85.115 when distributed from the Plan Trust or when distributed for the benefit of John and Joe Caruso from the two Caruso Trusts." The new claim asserted in the Response, whether it be for 84.115 shares (as in the Response) or 85.115 shares (as in Exhibit G), is the "First Amended Claim." It is impossible to determine from the Response or from Exhibit G the basis for Karll's First Amended Claim.

On October 29, 2006, Joseph Caruso, John Caruso and Timothy Demakis filed a Joint Objection to Karll's First Amended Claim.[2] They objected to the claim for the proceeds of 84.115 or 85.115 shares, both on the merits and because the claim is untimely asserted.

Also on October 29, 2006, the Caruso Estate filed the Motion of the Estate of Frank J. Caruso Jr. for Clarification of Court Order (Doc. # 290) and Request for Rejection of Jeffrey B. Karll's Claim No. 10 to an Interest in One Share of Stock. By this motion, the Caruso Estate seeks (1) an order disallowing Karll's First Amended Claim as untimely and (2) an order disallowing Claim No. 10 because the court-ordered response that Karll filed to the objection to his Claim No. 10 included no substance and did not in any way answer the objections to Claim No. 10.

On December 29, 2006, Karll filed a document entitled "Amended Claim No. 10" (Karll's "Second Amended Claim"). In it, he states that "[p]ursuant to the attached Assignments of Stock, I hereby amend my Claim No. 10." He goes on to itemize, cryptically, the components of his claim, which include the "One Share of Frank Caruso Jr. Stock . . . $40,000," but also a "Promissory Note from John, Joe, and Frank . . . $600,000" and "Fifty Shares (50) John and Joe Caruso's Trusts Stocks . . . $2,000,000." From the total of these three, Karll then itemizes and deducts certain credits, arriving at a net claim in the estimated amount of $1,500,000. Karll's Second Amended Claim included, as exhibits thereto, a stock purchase agreement in favor of Amir Fadili, a stock purchase agreement in favor of Alia Fadili, two extensions as to each stock purchase agreement, and an assignment of rights under the stock purchase agreements from Alia and Amir Fadili to Karll.

---

[2]The objection was filed Timothy Demakis as trustee of both the Joseph Caruso, Sr. Qualified Marital Trust and the Joseph Caruso, Sr. Family Trust and by John and Joseph Caruso, both individually and as beneficiaries of these trusts.

On February 8, 2007, Joseph Butler, the Plan Trustee, filed an objection to the Second Amended Claim, stating several grounds of objection. The first basis is that, to the extent that the Second Amended Claim seeks to assert new and different claims from Claim No. 10, it is not timely and should be disallowed. Second, Butler states that insofar as Karll is asserting a claim on the basis of a promissory note from John, Joe, and Frank Caruso, the underlying obligation is not one of the debtor and therefore should be denied. Third, Butler states that any claim or interest based on Karll's acquisition of rights under the two stock purchase agreements must fail for several reasons, including: the Fadilis paid no consideration for their rights under the stock purchase agreements; the stock purchase agreements, as extended, expired almost a year before their assignment to Karll; and, under Article 7.7 of the confirmed plan, the Plan Trustee is not obligated to recognize a transfer that occurred, as did this alleged transfer, after the close of business on the date on which the plan was confirmed.

On February 12, 2007, Joseph Caruso, John Caruso, and Timothy Demakis, as Trustee of the Joseph A Caruso, Sr. Trust and as Trustee of the Joseph Caruso, Sr. Marital Trust, objected to Karll's Second Amended Claim (the "Caruso Objection"). The basis of their objection is that the stock purchase agreements expired on December 31, 2005, before the transfer of rights to Karll, without the conditions for a stock purchase—including payments in the amount of $569,000 to each of John and Joseph Caruso—having been satisfied.

The Court held a preliminary hearing on the various objections to Karll's claims on March 27, 2007. At the hearing, when Karll was given an opportunity to speak in support of his Second Amended Claim, he chose instead to withdrew the claim and expressed an intention to pursue the claims in another court: "Your honor, at this time I'd like to withdraw this amended claim, and I'm going to pursue this in state court." The Court responded: "We'll treat it as withdrawn." However, at the close of the hearing, the Court entered the following order:

> Since the amended claim in the first instance must be made and adjudicated in this court and is subject to timely filed objections, its withdrawal can only be with prejudice absent the consent of the objecting parties, which has not been obtained. Accordingly, the court directs that, by April 6, 2007, Karll shall file and serve herein a statement of his election (a) to reinstate the amended claim for adjudication herein or (b) to affirm the withdrawal of the amended claim with prejudice. His failure to file and serve such statement by such date will be deemed an election to withdraw the amended claim with prejudice.

4

On April 6, 2007, Karll filed a statement indicating his election to reinstate the Second Amended Claim. In the same document, he requested a trial by jury, time to conduct discovery and hire an attorney if he so chose, and permission to amend his Second Amended Claim at any time before trial.

The Court received two objections to Karll's election, one by the Estate of Frank J. Caruso, Jr., and another by Joseph Caruso, John Caruso, and Timothy Demakis, as Trustee of the Joseph A Caruso, Sr. Trust and as Trustee of the Joseph Caruso, Sr. Marital Trust. The gist of both is that Karll's withdrawal of his Second Amended Claim and then reinstatement of the claim with attendant requests for jury trial, time for discovery, time to obtain counsel, and time to further amend, are simply efforts at delay, following on many earlier efforts, all in support of frivolous claims. The Estate of Frank Caruso Jr. urges the court to sustain the objections to the Second Amended Claim without further process. The other objectors urge the court not to allow reinstatement of the Second Amended Claim but to deem it withdrawn with prejudice.

## **DISCUSSION**

The Court begins by recognizing that the Second Amended Claim has been reinstated. In issuing the procedural order concerning reinstatement, the Court was acting on two concerns: first, that Karll, who was acting *pro se*, understand that any withdrawal of the claim would be with prejudice; and second, that the record be clear, for all parties and any other court that may later have to determine whether the withdrawal was with prejudice, that this court was not permitting claims against the assets of the Plan Trust to be asserted and adjudicated after the deadline for filing proofs of interest and in another forum. In effect, the claims process in which Karll is here participating is an interpleader action concerning a res, the res being the assets of the Plan Trust. The Plan Trustee, and all parties having valid rights to distribution from the Trust, need assurance that all claims against the Trust are before this court in a single proceeding, this bankruptcy case. Moreover, they need assurance that deadlines for asserting claims and interests will be honored. Under the confirmed plan, the Trustee must know the extent of all allowed claims and interests before he can determine the amount of the distribution to any given interest holder. The enforcement of deadlines for asserting claims and interests is critical to obtaining the needed closure and permitting a distribution in a definite and reasonable time. The Court deemed the procedural order

necessary to ensure clarity on these issues.  Faced with a choice between withdrawal with prejudice and reinstatement, Karll has elected reinstatement, and the Second Amended Claim is therefore deemed reinstated.

The Court therefore has before it three proofs of claim or interest:  Karll's Claim No. 10, his First Amended Claim, and his Second Amended Claim.  Only Claim No. 10 was filed on or before October 21, 2005, the bar date for filing proofs of claim and proofs of interest.  The First and Second Amended Claims are untimely and have been objected to as such.  Moreover, in substance, they are entirely different from Claim No. 10, setting forth new and separate claims, each based in a different transaction or transactions from the alleged transfer of a single share of stock that forms the basis of Claim No. 10.  They must be disallowed as untimely.  A separate order will enter sustaining those objections to the First and Second Amended Claims that challenged the claims as untimely.  In view of this holding, the Court need not address the other grounds for objection to these claims.

This leave only Claim No. 10, which is the subject of two objections.  The first is the limited objection of the Plan Trustee.  By this objection, the Trustee principally seeks assurance that Claim No. 10, a proof of interest as to a single share of stock, does not assert an interest over and above the 168.8259 shares appearing in the records of the Debtor.  In his Response of October 27, 2006, Karll provided this assurance, clarifying that he seeks a determination "that one share of the 36.115 shares held by Frank Caruso, Jr. was or should have been transferred to him by Frank Caruso, Jr. on or about July 31, 2006."  The Trustee's limited objection is thus satisfied.  Karll's Claim No. 10 is, in essence, a dispute over ownership of one the 36.115 shares that, on the books of the Debtor corporation, are listed as held by Frank J. Caruso, Jr.

The second objection to Claim No. 10 is that of the Estate of Frank J. Caruso, Jr., in which the Caruso Estate objects to Claim No. 10 on a number of grounds.  The substance of the dispute is as follows.  On July 31, 2001, and before a notary public, Frank J. Caruso, Jr. ("Frank") executed a document entitled "Stock Sale Agreement, Bill of Sale and Receipt" (the "Stock Sale Agreement").  The document states that for consideration of ten dollars paid in hand, Frank "hereby agrees to sell and does now irrevocably, unconditionally, and immediately sell, assign, transfer, and convey to Jeffrey B. Karll . . . One (1) share of my common stock (no par voting common stock) standing in my name in Caruso Music

6

Company, a Massachusetts Corporation." Karll attached a copy of this document to his Response of October 27, 2006. In addition, Frank apparently executed an affidavit on August 22, 2001, stating, among other things, "I also sold one share of my stock in Caruso Music Company to Jeff Karll and one share to Adel Fadili; however, Dr. Arcidi and Louise Marotta and Angelo Marotta have improperly refused to place their names on the corporate stock transfer ledger and to recognize them as the stockholders that, in fact, they now are." Karll attached a copy of this document to Claim No. 10 itself and to his Response of October 27, 2006.

The Caruso Estate, while not denying the authenticity of the Stock Sale Agreement contends that the purported sale was not what it appears to be. The Caruso Estate contends as follows. The "sale" occurred shortly before a meeting of the shareholders of Caruso Music Company at which the controlling shareholders were to consider a vote to "freeze out" Frank and some other shareholders. Karll had told Frank that, were he permitted to attend, he could prevent this from happening. The "sale" was intended by Frank and Karll not as a true sale but as a mechanism to permit Karll to attend a meeting of the stockholders of Caruso Music Company, nothing more. Karll assured Frank that the purported sale was meaningless, that the agreement and payment of the purchase price were intended only to make the transfer looks legitimate to the other stockholders. The transfer was also meaningless because, at the time, Adel Fadili (who was to attend the meeting with Karll as another ally of Frank) had promised Frank that he would purchase all Frank's shares for $940,000. In any event, the scheme failed, as Karll was denied access to the meeting. Moreover, Adel Fadili did not later purchase Frank's shares. The value of a single share of Caruso Music Company stock at the time of the transaction was approximately $70,000, so, in view of the stated consideration of $10.00, it is ludicrous to believe that the parties truly intended to effect a transfer. The Caruso Estate contends that the sale agreement is unenforceable for three reasons. First, the Stock Sale Agreement was only a ruse and intended as such by both parties; there was no meeting of the minds to effect a sale. Second, the Stock Sale Agreement fails for frustration of purpose, because it failed in its purpose of gaining Karll access to the stockholders' meeting. Third, the Stock Sale Agreement is unenforceable because, insofar as Karll intended a true sale and not merely a ruse, he fraudulently misrepresented his intent to Frank.

This is the substance of the Caruso Estate's objection to Claim No. 10. In addition to its objection,

7

the Caruso Estate has filed a motion requesting that its objection be sustained without further proceedings. The basis of this request is that the Court ordered Karll to file a response to the Caruso Estate's objection to his claim, and, though Karll did file a response, his response failed to address the substance of the Caruso Estate's objection.

The Court will deny this motion. Pursuant to the local rules of this court, the Court did in this case require that Karll file a response to the objection to his proof of interest. See MLBR 3007-1(c). The purposes of the response requirement are (i) to determine, before hearing, whether the objection is contested, (ii) if possible, to specify the nature of the dispute, and (iii) to permit the objecting party to resolve or address the dispute before the hearing. Karll did file a response, making clear that the matter remained in dispute. In addition, he specified the basis for his claim: "that one share of the 36.115 shares held by Frank Caruso, Jr. was or should have been transferred to him by Frank Caruso, Jr. on or about July 31, 2006." This was a significant clarification of the basis of his claim and, if nothing else, a statement that Karll believes the Stock Sale Agreement to be enforceable. In addition, Karll attached to the response a copy of the Stock Sale Agreement. The response was thus sufficient to frame the issues.

The Court further notes that the Estate's objections are dependent on facts that do not appear of record: that the Stock Sale Agreement is not what it appears to be; that Karll fraudulently misled Frank about his intent to enforce the Stock Sale Agreement; and that the purpose of the agreement was frustrated. Each of these facts requires proof. None of the Estate's objections is in the nature of a Rule 12(b)(6) challenge for failure to state a claim on which relief can be granted. Karll's proof of interest does not fail to state a claim on which relief can be granted. Accordingly, the Court will schedule an evidentiary hearing on the Estate's objection to Claim No. 10.

However, the Court emphasizes that the remaining dispute is limited to Claim No. 10 and that this dispute is over ownership of a single share of stock that, on the records of the Debtor corporation, stands in the name of Frank J. Caruso, Jr. In order to facilitate a distribution to equity holders pending resolution of the objection concerning this one share, the Court will, contemporaneously with issuance of this memorandum, issue a final and separate order disallowing Karll's First Amended Claim and Karll's Second Amended Claim.

**CONCLUSION**

For the reasons set forth above, the Court will immediately enter a separate and final order under FED. R. CIV. P. 54(b) that

1. declares Karll's Second Amended Claim to have been reinstated;

2. disallows Karll's First Amended Claim;

3. disallows Karll's Second Amended Claim;

4. declares the Objection of Joseph Butler, as Trustee of Caruso Music Plan Trust, to Claim No. 10 of Jeffrey Karll to be satisfied in that Claim No. 10 is a dispute between Karll and Frank over ownership of one of the 168.8529 issued and outstanding shares in the Debtor, not an assertion of an additional share;

5. sustains the Objection of Joseph Caruso, John Caruso and Timothy Demakis, Trustee to Karll's Purported Amendment to Claim No. 10;

6. declares moot the Objection of Joseph Caruso, John Caruso and Timothy Demakis, Trustee to Amended Claim No. 10 of Jeffrey Karll, as Karll's Second Amended Claim, the subject of this objection, has been disallowed on grounds other than those asserted in this objection; and

7. sustains the Objection of Joseph Butler, Plan Trustee, to Amended Claim No. 10 of Jeffrey B. Karll.

By a further, procedural order, the court will schedule an evidentiary hearing as to the Objection of the Estate of Frank J. Caruso Jr. to Proof of Claim No 10. by Jeffrey B. Karll. An order denying the Motion of the Estate of Frank J. Caruso Jr. For Clarification of Court Order (Doc. # 290) and Request for Rejection of Jeffrey B. Karll's Claim No. 10 To an Interest in One Share of Stock will enter only when the court enters an order the Caruso Estate's objection to Claim No. 10.

Date: June 25, 2007

Robert Somma
United States Bankruptcy Judge

cc: Joseph Butler, Esq., Trustee of Caruso Music Plan Trust
    Jeffrey Karll, pro se
    Valerie S. Carter, Esq., for Joseph Caruso, John Caruso and Timothy Demakis, Trustee
    Jonathan Silverstein, Esq., for Estate of Frank J. Caruso, Jr.